## Marberger's Estate

*Joseph Knox Fornance*, for accountant.

SHEELY, P. J., fifty-first judicial district, specially presiding, December 19, 1939.—A claim of the Commonwealth of Pennsylvania, Department of Labor and Industry, Unemployment Compensation Division, in the amount of $86.17 for unemployment compensation contributions and interest for the first and second quarters of

1938, was presented and claimed as a preferred claim. The only possible basis for a preference is found in section 310 of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, 43 PS §790. That section relates to priorities under legal dissolutions and distributions and provides, in part, that:

"In the event of any distribution of an employer's assets pursuant to an order of any court . . . including any receivership, assignment for benefit of creditors, adjudicated insolvency, composition, or similar proceeding, contributions or instalments thereof, or interest thereon, then or thereafter due shall be paid in full prior to all other claims except taxes . . .".

No specific reference is made in the statute to the distribution of decedents' estates unless it comes within the words "or other similar proceeding." Under the Statutory Construction Act of May 28, 1937, P. L. 1019, however, general words shall be construed to take their meaning from and be restricted by preceding particular words. The words "or other similar proceeding" must therefore relate to proceedings in the nature of receiverships or insolvency proceedings involving living debtors and would not be sufficiently broad to include distribution in decedents' estates. Moreover, the title to the Unemployment Compensation Law of 1936, supra, makes no reference to priorities of claims and gives no notice that the act deals in any way with the distribution of decedents' estates. We conclude that the claim of the Commonwealth is not entitled to priority of payment and, under section 13 (a) of the Fiduciaries Act of June 7, 1917, 20 PS §501, must be paid last.

A claim was presented by Earl M. Oberholtzer for a balance on account of workmen's compensation insurance premiums, renewal, and payroll audit in the amount of $124.84. This amount is claimed as a preferred claim under the provisions of The Insurance Company Law of May 17, 1921, P. L. 682, as amended by the Act of May 24, 1933, P. L. 983, 40 PS §812, which provides that: "An i.

premiums and interest charges . . . shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates, and receiverships, involving the employer liable therefor, or the property of such employer . . .".

There is nothing in this statute to suggest that claims for premiums for workmen's compensation insurance should be preferred claims in decedents' estates. The type of proceeding in which such claims are made preferred claims under the statute are proceedings in which the assets of living debtors are distributed to their creditors. The words "decedents' estates" do not appear, and such estates could not have been meant to be included in the term "trustee proceedings for administration of estates," as the administration of decedents' estates is not a trustee's proceeding.